11 SAUNDERS, Judge.
Plaintiffs-appellants, Century Mineral Corporation, G. Bruce Keuhne, Margarite Chin Foo, and Mary White Bailey, appeal the trial court’s ruling maintaining defendants-appel-lees’, CMC Energy Limited Partnership, Cindy Doré, and Michael Guardia, Exception of No Right of Action and dismissal of plaintiffs-appellants’ petition for an accounting, declaration of ownership, and profits allegedly owed on partnership in commendam units. The trial court found that Century Mineral Corporation’s transfer of in commendam partnership units to G. Bruce Keuhne and Margarite Chin Foo were in violation of CMC Energy Limited Partnership’s articles of partnership. Additionally, the trial court found that the subsequent transfers made by G. Bruce Keuhne and Margarite Chin Foo to Mary White Bailey were also void. Incidental to its ruling, the trial court also found that Investors Petroleum Consultants was the duly elected general partner of CMC Energy Limited Partnership and that CMC was still an ongoing and legally operating in commendam partnership.
For the reasons which follow, we affirm the trial court’s judgment.
I ¡FACTS
On September 1, 1984, CMC Energy Limited Partnership, a partnership in commen-dam, organized for the purpose of acquiring, owning, and investing in oil and gas properties. In addition, CMC was involved in the exploration, drilling, marketing and sale of oil and gas. CMC filed and recorded its articles of partnership with the Louisiana Secretary of State’s office on January 9, 1985.
*907 CMC authorized Century Mineral Corporation (hereinafter CENTURY CORP) to act and serve as its general partner. CENTURY CORP assigned numerous interests in oil and mineral rights to CMC in exchange for ownership or 63,374 in commendam partnership units in CMC on January 12, 1985. On May 25,1985, CENTURY CORP transferred 20,000 of its in commendam partnership units to G. Bruce Kuehne (hereinafter KUEHNE) and 12,582 in commendam partnership units to Margarite Chin Foo (hereinafter FOO). Later in that year, on November 14, 1985, CENTURY CORP resigned as the general partner of CMC. On the day following CENTURY CORP’S resignation as the general partner of CMC, FOO transferred her 12,582 in commendam partnership units to Mary White Bailey (hereinafter BAILEY). Five years later, on March 29, 1990, KUEHNE transferred his 20,000 in commendam partnership units in CMC to BAILEY.
In accordance with CMC’S articles of partnership, the partners elected a new general partner, Investors Petroleum Consultants (hereinafter IPC). Investors Petroleum Consultants, an informal partnership, consisted of two partners, Cindy Doré and Michael Guardia. The Louisiana Secretary of State’s office recorded in CMC’S articles of partnership the substitution of IPC as the general partner of CMC on December 30, 1985. From that day and until the time of this litigation, Doré and Guardia managed and served as CMC’S general partner. Approximately one year after IPC was elected as the general partner of CMC, Doré and Guardia incorporated IPC. IPC’S articles of incorporation were filed and recorded in the Louisiana Secretary of State’s office on October 15, 1986. In IPC, Inc.’s initial report, Guardia was listed as president and Doré as secretary/treasurer. IPC Inc., now incorporated under the laws of Louisiana, alleged that it served as CMC’S general partner despite the fact IPC, Inc. was never elected general partner in accordance with CMC’S articles of partnership.
Plaintiffs, Mary White Bailey, G. Bruce Kuehne, Marguerite Chin Foo, and CENTURY CORP, filed suit against CMC, Cindy Doré, Michael Guardia, and IPC[1] ^seeking an accounting and a declaration of ownership and profits owed on their respective in com-mendam partnership units. The defendants excepted to the plaintiffs’ claims on the ground that BAILEY, KUEHNE, and FOO had no right of action because they did not obtain their in commendam partnership units in CMC in accordance with CMC’S articles of partnership; and therefore, those transfers of partnership units were invalid. The trial court agreed and maintained the defendant’s exception, holding that the transfers initially made from CENTURY CORP to KUEHNE and FOO, and the subsequent transfer of in commendam partnership units to BAILEY, were invalid because the transfers violated CMC’S articles of partnership. The trial court dismissed with prejudice the claims of BAILEY, KEUHNE, and FOO.
Incidental to its rulings on defendants’ Declinatory Exception of Insufficiency of Service and Peremptory Exception of No Cause of Action, the trial court ruled that IPC, an informal partnership of Cindy Doré and Michael Guardia, was the duly elected general partner of CMC. In accordance with CMC’S articles of partnership, CMC was an ongoing and legally operating partnership in commendam that had never terminated or dissolved because it continuously had a duly elected and acting general partner.
From those rulings, the plaintiffs appeal.

Issues Presented

1) Whether the trial court erred in holding that the transfers of partnership interests or units from Century Mineral Corporation to G. Bruce Kuehne and Margarite Chin Foo, and their subsequent transfer of partnership units to Bailey, were invalid. 2) Whether the trial court erred in permitting IPC, Cindy Doré, and Michael Guardia to raise the Exception of No Right of Action on behalf of CMC because they are not the duly elected general partner of CMC.
*908 Law and Argument — Issue I
Generally, a contract of partnership in commendam or limited partnership is governed by Louisiana’s Civil Code provisions entitled: Of Conventional Obligations. La. C.C. arts. 2802 and 2836. The following articles of the Louisiana Civil Code provide the guidelines by which a contract is interpreted:
“Interpretation of a contract is the determination of the common intent of the parties.” La.C.C. art. 2045.
“When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La. C.C. art. 2046.
U“The words of a contract must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the contract involves a technical matter.” La. C.C. art. 2047.
‘Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract.” La.C.C. art. 2048.
“A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that render it ineffective.” La.C.C. art. 2049.
“Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La.C.C. art. 2050.
“Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include.” La.C.C. art. 2051.
“When the parties intend a contract of general scope but, to eliminate doubt, include a provision that describes a specific situation, interpretation must not restrict the scope of the contract to that situation alone.” La.C.C. art. 2052.
“A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature' between the same parties.” La.C.C. art. 2053.
See, Contraband Cove v. Daly, 527 So.2d 534 (La.App. 3d Cir.1988).
CMC’S articles of partnership or the contract, which is the subject of this litigation, provides in articles 12.01 through 12.06 the manner by which CMC partnership units may be transferred. In particular, we cite to articles 12.01, 12.02, and 12.05, which provide:
12.01 No Transfer of all or part of a Partner’s Partnership Interest may be effected, except as permitted in these Articles.
12.02 A Partner may Transfer all or part of his Partnership Interest with the prior written consent of the General Partner, which shall be granted only upon the following conditions:
(i) if the Transfer would not result in the “termination” of the Partnership pursuant to Section 708 of the Internal Revenue Code or otherwise unreasonable adverse income tax consequences to the remaining Partners;
(ii) the transferee is either a citizen or resident of the United States;
(iii) such Transfer, in the opinion of the General Partner, does not unreasonably adversely affect the marketability of the remaining Units;
(iv) the Partnership has received an attorney’s opinion (the cost of which shall be borne by the transferor) satisfactory in form and substance to the General Partner, to the effect that such transaction will not violate any applicable securities laws and that an exemption from registration is available for such Transfer.
| sThe General Partner shall not be be obligated to permit a transfer if all of the foregoing tests are satisfied. The General Partner shall have sole discretion to make the foregoing determinations.
12.05 [Notwithstanding anything in these Articles to the contrary, the Partnership or its designee shall have the right, but not the obligation, to acquire *909 any Partnership Interest which any [p]artner offers to Transfer to any third party, on the same terms and conditions as are available to such third party. Partners desiring to make a Transfer shall first give written notice to the General Partner of the intent to make a Transfer, stating all material terms of the proposed transaction. The General Partner shall have twenty (20) days after receipt of such written notice in which to decide whether the Partnership will acquire the Partnership Interest so offered. If the General Partner so decides, the Partnership shall comply in all respects with the terms stated in the notice, and shall deliver notice of its election to the Limited partner proposing to make the Transfer. (Emphasis added.)
The record reveals that CENTURY CORP’S transfer of 20,000 in commendam partnership units to KUEHNE and 12,582 in commendam partnership units to FOO did not conform to CMC’S articles of partnership. We find no ambiguity in the wording of the articles concerning the transfer of CMC in commendam partnership units. The articles provide in clear and precise terms the manner in which a transfer of in commendam partnership units may occur. In addition, we do not find that the provisions and rules regarding transfers would lead to absurd results or were contra bones mores.
We agree with the trial court’s finding that CENTURY CORP’S transfer of 20,-000 in commendam partnership units to KUEHNE did not comply with CMC’S articles of partnership. It is undisputed that CENTURY CORP faded to give the other partners in commendam of CMC the right of first refusal as required by article 12.05. Consequently, that transfer is void and the subsequent transfer by KUEHNE to BAILEY is also void.
CENTURY CORP’s purported transfer of in commendam partnership units to FOO is also in direct contravention of CMC articles of partnership. It is undisputed that CENTURY CORP failed to offer to the in commendam partners a right of first refusal in violation of article 12.05. Moreover, it is undisputed that FOO was neither a citizen nor a resident of the United States as required by article 12.02(ii). Finally, we find no evidence that the attorney’s opinion required by article 12.02(iv) was obtained before the transfer. Consequently, that transfer is void and FOO’S subsequent transfer to BAILEY is also void.
We find no error in the trial court’s finding of fact and ruling of law. See, Rosell v. ESCO, 549 So.2d 840 (La.1989).

_[6Law and Argument—Issue II

2) Whether the trial court erred in permitting IPC, Cindy Doré, and Michael Guardia to raise the Exception of No Right of Action on behalf of CMC because they are not the duly elected general partner of CMC.
The record indicates that the plaintiffs-appellants did not object at trial concerning the defendants-appellees’ capacity to raise a peremptory exception of no right of action. This issue is raised for the first time on appeal. Rule 1-3 of the Uniform Rules— Courts of Appeal provides:
“The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.”
We will pretermit on the second issue raised by plaintiffs-appellants because it is not properly before this court and the interest of justice does not require its review.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed and the case is remanded for further proceedings consistent with this opinion.
Cost of this appeal is assessed to plaintiffs-appellants, G. Bruce Keuhne, Margarite Foo, *910 Mary White Bailey, and Century Mineral Corporation.
AFFIRMED and REMANDED.

. Plaintiffs-appellants did not name Investors Petroleum Consultants, Incorporated as a defendant.